UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY L. JACKSON, et al.,** | ) | **CASE NO. 5:12CV211** |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | |
| **KELLERMEYER BUILDING** | ) | **MEMORANDUM OPINION AND** |
| **SERVICES, LLC, et al.,** | ) | **ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is plaintiffs' motion to remand (Doc. 13), defendant's opposition (Doc. 15) and plaintiffs' reply (Doc. 19). For the reasons that follow, plaintiffs' motion is **DENIED**.

## I.  PROCEDURAL BACKGROUND

On December 22, 2011, plaintiffs Jeffrey L. Jackson ("Jackson") and William Johnson ("Johnson") (collectively as "plaintiffs") filed a lawsuit in the Court of Common Pleas for Summit County, Ohio, against defendants Kellermeyer Building Services, LLC ("KBS") and Kellermeyer Company ("KC"), alleging violations of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. 201, *et seq.*, and the Ohio Minimum Wage Act, Ohio Rev. Code § 4112.01, *et seq.*, as well as state law claims for racial and disability discrimination, wrongful discharge, negligent supervision and training, and invasion of privacy. (Doc. 1-1, Compl.) On January 27, 2012, KBS removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 over plaintiffs' FLSA clam. (Doc. 1.) The notice of removal indicated that defendant KC consented to the removal of the case and was signed by counsel for KBS. (Doc. 1 at 2.)

Additionally, attached as an exhibit to the removal notice was a notice of consent to removal by defendant KC, which was signed by counsel for KC. (Doc. 1-4.)

On February 24, 2012, plaintiffs moved to remand. Plaintiffs do not dispute that removal on the basis of federal question jurisdiction was proper. Instead, they contend that the rule of unanimity is not satisfied because defendant KC neither joined in the removal notice filed by KBS, nor filed a written consent thereto. Alternatively, plaintiffs argue that the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiffs' state law claims, and therefore those claims must be remanded. Further, plaintiffs assert that, even if the Court has supplemental jurisdiction over plaintiffs' state law claims, the Court should remand those claims pursuant to 28 U.S.C. 1367(c)(1).

## II. ANALYSIS

### A. *Satisfaction of Rule of Unanimity*

To remove a civil action to federal court, the defendant or defendants seeking to do so must file a notice of removal signed pursuant to Rule 11 and containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Under the rule of unanimity, "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt" of either the summons or another later-filed paper which indicates that the case is removable. *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir. 2003). Under Sixth Circuit authority, defendants can express consent to removal without making any filing in writing, but merely by joining in opposition to a motion to remand. The court in *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 201-02 (6th Cir. 2004) noted that 28 U.S.C. § 1446(a) requires that a notice of removal be signed pursuant to Rule 11, but rejected the

plaintiff's contention that Rule 11 does not authorize any one party to make representations or file pleadings on behalf of another. As this Court has previously noted:

> *Harper* stands for the proposition that a party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court. The individual co-defendants are not required to do anything (other than to indicate their consent verbally to the removing defendant's lawyer and, if the defendant is a corporation, do so through an attorney).

*City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008).

This is precisely the procedure that was followed in this case by defendants. Plaintiffs' argument that KC's counsel was required to either sign the removal notice or separately file a dated, authenticated notice of consent is wholly without merit. "Nothing in Rule 11 . . . required [defendant] or his attorney to submit a pleading, written motion, or other paper directly expressing that concurrence or prohibited counsel for the other defendants from making such a representation on [his] behalf." *Harper*, 392 F.3d at 201-02. Accordingly, under *Harper,* defendants' consensus as to removal as demonstrated by defendant KBS's valid representation on behalf of KC, is more than sufficient to validate the removal and defeat plaintiffs' motion to remand.

### B. Supplemental Jurisdiction

This Court has original jurisdiction over plaintiffs' claim under the FLSA, as this claim arises under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In order to consider plaintiffs' other claims, the Court must be able to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over those claims. *See* 28 U.S.C. 1441(c). Section 1367(a) provides that in any action in which a district court has original jurisdiction, the

court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 724-25 (1966)) (internal quotation marks omitted; alteration in original). This includes claims arising from the same contract, dispute, or transaction. According to the Supreme Court*,* "considerations of judicial economy, convenience and fairness to litigants support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions." *Id.* (quoting *Gibbs*, 383 U.S. at 726) (internal quotation marks omitted).

Plaintiffs' FLSA claim (Counts I) alleges that plaintiffs were non-exempt employees of defendants, entitled to overtime wages, and defendants failed to pay such wages and failed to pay plaintiffs not less than the statutory minimum wage for all hours worked. Plaintiffs also allege that defendants violated the FLSA by failing to keep proper records of plaintiffs' hours worked. Finally, plaintiffs allege that their complaints about this conduct were met with retaliatory discipline and/or discharge in violation of the FLSA.

Plaintiffs' claims under the Ohio Minimum Wage Act (Count II) and the FLSA clearly derive from a common nucleus of operative facts. As with the FLSA claims, the state law wage claims seek recovery for unpaid wages and improper calculation of overtime compensation. *See* Ohio Rev. Code. § 4112.01, *et seq*. These claims are virtually identical to plaintiffs' federal claims for unpaid wages and overtime; whether plaintiffs were not

4

compensated for all hours worked or were entitled to recover overtime pay is an issue that must be resolved for both the FLSA claims and the state law wage claims.

Further, plaintiffs' FLSA retaliation claim and their remaining state law claims of racial and disability discrimination (Count III), wrongful discharge in violation of public policy (Count IV), negligent supervision and training (Count V), and invasion of privacy/false light (Count VI), also are premised on interrelated facts precipitating or arising out of plaintiffs' terminations, which plaintiffs allege were retaliatory and/or discriminatory. Indeed, the majority of the complained of harassing conduct began after plaintiffs reported the alleged wage and hour violations, and the resolution of these claims will necessarily require an inquiry into the reasons for plaintiffs' terminations and the motivations of their supervisors. The Court finds that these claims all arise out of the same nucleus of operative fact. *See Harper*, 392 F.3d at 209 (district court did not abuse its discretion in exercising supplemental jurisdiction over retaliation claims brought pursuant to federal and state law where claims related to or arose out of plaintiff's termination); *Dixon v. Int'l Fed. of Accountants*, 416 F App'x 107, 111 (2d Cir. 2011) ("Dixon's federal, state, and city claims are all based on her employment and termination by IFAC, and thus clearly derive from a common nucleus of operative fact.").

Plaintiffs urge, however, that this Court should remand their state law claims pursuant to 28 U.S.C. § 1367(c), which provides that a district court may decline to exercise supplemental jurisdiction if:

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

5

>**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). Supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 172 (1997) (quoting *Gibbs,* 383 U.S. at 726) (internal quotation marks omitted). Here, plaintiffs have advanced no compelling reasons for declining to exercise jurisdiction over the state claims.

At this stage of the case, it does not appear that plaintiffs' claims involve novel or complex issues of state law. With respect to plaintiffs' discrimination claims, Ohio courts apply the federal law framework from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), to discrimination claims brought under Ohio law. *See Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192, 196 (1981) (holding that "federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e *et seq.*, Title 42, U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112."). Indeed, courts within this district have addressed state law claims of associational disability discrimination similar to Jackson's under this framework. *See, Baker v. City of Toledo, Ohio*, No. 3:05CV7315, 2007 WL 1101254, at *6 (N.D. Ohio Apr. 11, 2007) (Zouhary, J.); *Anthony v. United Telephone Co. of Ohio*, 277 F. Supp. 2d 763, 776 (N.D. Ohio 2002) (Wells, J.). As to the plaintiffs' alleged privacy rights under Ohio law, the extent of those rights is well delineated by the Ohio state and federal courts. *See, e.g., Welling v. Weinfeld*, 113 Ohio St. 3d 464 (2007) (recognizing false light privacy tort); *Housh v. Peth*, 165 Ohio St. 35 (1956) (finding a state constitutional right to privacy). Finally, plaintiffs have provided no evidence to support the conclusion that any aspect of their common law tort claims present an issue so novel or complex that it would best be left to an Ohio court.

6

Nor have plaintiffs' shown that the state law issues in this case will predominate over their FLSA claims. State law claims may predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs,* 383 U.S. at 726. Plaintiffs' motion conclusorily asserts, without analysis, that this is the case here. Plaintiffs' bare assertions, however, are not sufficient to convince this Court that it should decline supplemental jurisdiction over plaintiffs' claims on this basis at this time.

Moreover, since remanding the state claims would require the parties to litigate in two different fora, the issues of judicial economy, convenience, and fairness weigh in favor of exercising supplemental jurisdiction. If the state law claims were remanded now, the parties would be forced to litigate many of the same facts and issues in the state court as those that will be presented in plaintiffs' FLSA case. For example, to defend plaintiffs' state and federal retaliation claims, defendants will have to put on evidence of non-retaliatory reasons for disciplining and discharging plaintiffs. Similarly, plaintiffs' negligent supervision and training claims are also based on facts relevant to their discipline, discharge, and compensation, including allegations that plaintiffs' supervisors manipulated the time clock. Given that the evidence related to these separate claims will overlap, the interests of judicial economy, convenience and fairness favor the Court's exercise of supplemental jurisdiction over these claims.

### III.  CONCLUSION

For all of the foregoing reasons, plaintiffs' motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 27, 2012

                                                                         **HONORABLE SARA LIOI**
                                                                         **UNITED STATES DISTRICT JUDGE**